IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ANTHONY DAILEY, ) | |
| #09694-021, ) | |
| ) | CIVIL ACTION NO. 0:04-1378-20BD |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| GERALDO MALDONADO[1], ) | |
| Warden, FCI Estill, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This Petition for a writ of habeas corpus was filed on May 14, 2004, pursuant to 28 U.S.C. § 2241. Petitioner requests that he be granted prior jail credit for time spent in state custody while under "Federal jurisdiction", and also requests a downward departure of sentence pursuant to § 5G1.3 of the United States Sentencing Guidelines.

Respondent filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on September 1, 2004. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on September 7, 2004, advising Petitioner of the importance of a dispositive motion and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

---

[1] Respondent advises the Court that Matthew B. Hamidullah is the current Warden of FCI Estill.

Petitioner thereafter filed a response to the motion to dismiss on September 13, 2004. This matter is now before the Court for disposition.[2]

## I.

With regard to Petitioner's request for a downward departure, Respondent argues that Petitioner's sole remedy with regard to this request is a writ of habeas corpus under 28 U.S.C. § 2255, not § 2241. The undersigned agrees. Petitioner seeks a downward departure from the sentencing guidelines used to compute his federal sentence. However, since Petitioner was convicted and sentenced in the Southern District of Georgia, this Court lacks jurisdiction to grant Petitioner his requested downward departure. Rather, Petitioner must pursue this request in the sentencing court through a petition filed under 28 U.S.C. § 2255. See United States v. DiRusso, 535 F.2d 673, 674-676 (1st Cir. 1976); Jimenez v. Warden, FDIC, Fort Devens, Massachusetts, 147 F.Supp.2d 24, 26-27 (D.Mass. 2001). Petitioner's request for a downward departure must therefore be dismissed.

## II.

With regard to Petitioner's challenge to the Bureau of Prison's (BOP's) decision not to credit him for prior time served, Petitioner may pursue that claim in this Court under 28 U.S.C. § 2241. See Hughes v. Slade, 347 F.Supp.2d 821 (C.D.Cal. 2004); Jimenez, 147 F.Supp.2d at 27; see also 18 U.S.C. § 3585. However, although Petitioner may pursue this claim under 28 U.S.C. § 2241, this remedy can be sought only after Petitioner has first exhausted his administrative remedies. See United States v. Shanklin, No. 87-7395, 1988 WL 41128 at **2 (4th Cir. April 28, 1988). "It

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. Respondent has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2

is only when a prisoner has exhausted his administrative remedies that he becomes entitled to litigate the matter in the district court." Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984). See also Alexander v. Hawk, 159 F.3d 1321 (11th Cir. 1998); United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir. 1982).

Respondent argues in his motion for summary judgment that Petitioner has failed to properly exhaust his administrative remedies with respect to this claim, that this Court therefore lacks jurisdiction over Petitioner's claim, and that this action should be dismissed. Respondent notes that in order to exhaust administrative remedies in the BOP, the inmate must first attempt to informally resolve the matter with a staff member. 28 C.F.R. § 542.13(a). If informal resolution is not successful, the inmate may file a written complaint with the Warden. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may then appeal to the Regional Director within twenty (20) days of the Warden's response, and may thereafter appeal any unfavorable decision by Regional Director to the General Counsel within thirty (30) days of Regional Director's decision. 20 C.F.R. § 542.15(a). Respondent has attached to his motion an affidavit from Roy Lathrop, a Paralegal Specialist, who attests that Petitioner has only exhausted his administrative remedies through the Warden's Office level, and has not filed his administrative appeal with the Regional Office or beyond. Respondent's Exhibit 1, with attached Exhibit.

In opposition to the Respondent's motion, Petitioner has submitted documentation to show that he pursued additional administrative remedies not addressed by the Respondent, and that he should therefore be allowed to proceed with his claim. However, Petitioner's own exhibits indicate that, while he has attempted to pursue his administrative remedies, his initial request went

3

directly to the Regional Office, and was not completed. See Petitioner's Document Nos. 3, 7 and 9[3]. See also Document Nos. 2 and 5. Petitioner's documents reflect that he then attempted informal resolution (undated); see Document No. 8; that he appealed to the Warden; see Document No. 1; and that the Warden denied his appeal on April 7, 2004, one month before Petitioner filed this federal petition. See Document No. 4. Lathrop attests in his affidavit that no further appeals have been taken, and Petitioner does not argue in his response that any further appeals were taken.

Only after Petitioner has completed this process may he pursue relief in this Court. Chua Han Mow, 730 F.2d at 1313. While the Regional Office has already denied this same claim; see Document No. 9; the Central Office has not reviewed the matter, and apparently would not do so in any event until the appeal formally goes back through the Regional Office. See Document No. 3. Petitioner's argument in his brief that he has completed the administrative process is therefore without merit. 42 U.S.C. § 1997(e); Porter v. Nussle, 122 S.Ct. 983, 988 (2002). See also Alexander, 159 F.3d at 1328 [Requiring Petitioner to exhaust administrative remedies and holding, "[t]he judicially created futility and inadequacy doctrines do not survive the [Prison Litigation Reform Act's] mandatory exhaustion requirement."]. Hence, Petitioner's claim regarding credit for prior time served is subject to dismissal for failure of the Petitioner to exhaust his administrative remedies.

## Conclusion

Accordingly, it is recommended that the Respondent's motion be **granted**, and that

---

[3]Petitioner's documents have been hand numbered 1-9 by the undersigned to assist the reviewer.

this Petition be **dismissed**, without prejudice.

        The parties are referred to the Notice Page attached hereto.

        s/_____
        Bristow Marchant
        United States Magistrate Judge

Columbia, South Carolina

February 23, 2005

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201